## Pollitt vs. Parsons.

Appeal from the General Court from a judgment of affirmance on an appeal to that court from *Worcester* county court. The plaintiff in the county court, (now appellee,) brought an action of trespass *vi et armis* against the defendant, (the appellant,) for taking his goods and chattels, and converting them, &c. By a statement of the facts submitted to the court for their opinion, it appears that *Samuel Smyly* obtained a judgment in the general court against *Parsons*. After which judgment *Parsons* was, on the 13th of November 1801, regularly discharged under the act for the relief of insolvent debtors, passed in 1774, *ch.* 28. That afterwards, in 1803, a writ of *fieri facias* was regularly sued out upon the above mentioned judgment, and was directed and delivered to *Pollitt*, then being sheriff of *Worcester* county, who, in virtue of that writ, seized and took into his possession the goods and chattels mentioned in the declaration, and sold them at public sale. That the said goods and chattels were acquired and possessed by *Parsons* after his discharge, by his own industry, and not

*Property acquired by an insolvent debtor, after he has been legally discharged under the insolvent law of 1774, ch. 28, otherwise than "by descent, gift, devise, bequest or in a course of distribution," is not liable for debts contracted prior to his discharge; and if it is liable, it cannot be affected by a fieri facias, without a scire facias having previously issued, if a year and a day has elapsed.*

1807.

Greene
vs
Muse

by descent, gift, devise, bequest, or in a course of distribution. Upon this statement, the county court, [*Polk*, Ch. J.] gave judgment for the plaintiff, and the defendant appealed to the general court, where the cause was argued at September term 1804. The general court *affirmed* the judgment of the county court, and said that property acquired by an insolvent debtor, after he has been legally discharged under the insolvent law of 1774, *ch.* 28, otherwise than by "descent, gift, devise, bequest, or in a course of distribution," is not liable for, or subject to, debts contracted prior to his discharge; and if such property is liable, it cannot be affected by a *fieri facias*, without a *scire facias* having previously issued, if a year and a day have elapsed. The appellant appealed to this court, and the cause was argued by

*J. Bayly*, for the appellant, and by

*Wilson*, for the appellee.

The Court of Appeals *affirmed* the judgment of affirmance.